BOYER, Chief Judge.
Appellants here seek review of a trial court order striking portions of their amended complaint and dismissing it with prejudice.
In 1974, appellee Moore obtained in the Circuit Court of Leon County a final judgment in the sum of $15,484.30 against two of the appellants in this case, Kenneth and Elizabeth Smith, doing business as The Taco Times. The Smiths appealed, but since they filed no supersedeas bond Moore’s trial counsel procured the issuance of a writ of execution. That attorney thereafter prepared and delivered to the sheriff of Taylor County a form entitled “Supplemental Instructions for Levy” to which was attached a schedule of property, real and personal. The language of the form informed the sheriff of the issuance of the writ of execution and instructed levy upon the described property. The next day the attorney directed a letter to Sheriff Linton in which it was stated that the letter was intended to be “ * * * a supplement to Schedule ‘A’ of my Supplemental Instructions for Levy * * * The letter further recited that the initial “ * * * Schedule should have included all furniture, equipment, office supplies and other contents of the Taco Times located at its office at * * * Perry, Florida.”
Sheriff’s deputies levied upon all of the property set forth in the “Supplemental Instructions for Levy” including that mentioned in the attorney’s letter. It is alleged that the property had an aggregate value of approximately $300,000. None of the property was removed from its site and was released upon the posting of a bond.
Appellants filed suit in Taylor County Circuit Court alleging, inter alia, that Sheriff Linton knew or reasonably should have known that the value of the property listed on the attorney’s instructions was substantially greater in value than the amount owed on account of the $15,484.30 judgment, being the basis of the writ of execution; and that The Taco Times’ property was not specifically described in the initial “Supplemental Instructions for Levy” and should not under law have been levied upon. Appellants Cooper and Kenneth Smith, Jr. joined in separate counts of the amended complaint alleging that they owned certain property which was wrongfully levied upon incident to the levy upon the property owned by appellants Kenneth and Elizabeth Smith. Sheriff Linton filed a motion to strike two paragraphs of the amended complaint and a motion to dismiss, both of which motions were granted and this appeal followed.
Although other assignments of error were filed, the only point briefed by appellants relates to the propriety of the dismissal of the amended complaint as to the claim sought to be asserted by Kenneth and Elizabeth Smith against M. S. Linton, as sheriff of Taylor County; therefore, that is the only issue preserved for our review, all other issues being deemed abandoned.
F.S. 30.30 provides in material part as follows:
“(1) Whenever any writ, issuing out of any court of this state, shall be delivered to a sheriff, commanding him to levy upon property specifically described therein, it shall be his duty to levy upon such property; and, if no property is specifically described, then he shall levy upon any property assessed against the defendants on the current tax rolls of the county or registered in his name under any law of the United States or of the state.
“(2) No sheriff shall be liable in damages to anyone whomsoever for making a wrongful levy whenever the same has been made as required under subsection (1).”
The execution form adopted by the Supreme Court of Florida (Form 1.914, RCP) contains no provision nor space for specifically describing the property to be levied upon. Indeed, we take judicial notice that few, if any, executions specifically de *147 scribe property. We recognize that there are writs other than executions which may command a sheriff to levy upon specific property, but no such writ is here involved. It is clear therefore that the first clause of F.S. 30.30(1) is not here applicable. It is equally clear that instructions for levy from a judgment holder, or his agent or attorney, whether written or oral, on a form or by letter, do not become a part of the execution within the meaning of the statute.
Since the execution did not specifically describe property upon which the sheriff was commanded to levy, the second clause of F.S. 30.30(1) became applicable. That clause requires the sheriff to levy upon any property assessed against the defendant on the current tax rolls of the county or registered in his name. There is no allegation in appellants’ amended complaint that any of the property upon which the sheriff levied was not assessed against them on the tax rolls of the county nor registered in their name.
F.S. 30.30(2) insulates a sheriff from liability for making even a “wrongful levy” whenever the levy was made pursuant to F.S. 30.30(1). It necessarily follows that the learned trial judge was eminently correct in dismissing the amended complaint as against Sheriff Linton.
Appellants’ reliance upon Hart v. Maas Brothers, Inc., 5 Fla.Supp. 140, affirmed per curiam, Delcher v. Hart, Fla.Sup.Ct.1954, 70 So.2d 918, is misplaced. In that case, the complainant, judgment debtor, sought to have set aside a sheriff’s deed, which relief was granted on the ground that the court in which the judgment had been entered against the judgment debtor had no jurisdiction and therefore the judgment was void. Damages resulting from an excessive levy were not there involved.
In summary, we hold that instructions given to a sheriff requesting levy upon property pursuant to the command of a writ of execution does not become a part of the writ and that pursuant to F.S. 30.30, a sheriff has no liability in damages for making a wrongful levy whenever the levy has been made in accordance with subsection (1) of that statute.
AFFIRMED.
McCORD and MILLS, JJ., concur.